UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

THOMAS ZACHARY ALEC PAULK,

                Petitioner,

vs.

KEVIN KEMPF and LAWRENCE
WASDEN,

                Respondents.

Case No. 1:16-cv-00118-REB

**INITIAL REVIEW ORDER**

Petitioner Thomas Zachary Alec Paulk filed a Petition for Writ of Habeas Corpus challenging his state court conviction. (Dkt. 1.) The Court now reviews the Petition to determine whether it is subject to summary dismissal pursuant to 28 U.S.C. § 2243 or Rule 4 of the Rules Governing § 2254 Cases.

## REVIEW OF PETITION

### 1. Standard of Law

To bring a cognizable habeas corpus claim in federal court, a petitioner must allege that he is held in custody under a state court judgment and that the custody violates the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). The Court is required to review the petition to determine whether it is subject to summary dismissal. Rule 4 of the Rules Governing Section 2254 Cases. Summary dismissal is appropriate

**ORDER - 1**

where "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Id*.

Before a habeas petitioner may present an issue for federal court review, he must first "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). This is called "exhaustion of state court remedies." In Idaho, that means presenting the claims to the Idaho Supreme Court in a procedurally proper manner.

In *Rhines v. Weber*, 544 U.S. 269 (2005), the Court determined that federal district courts have discretion to stay a mixed habeas petition containing exhausted and unexhausted claims to allow the petitioner to present his unexhausted claims to the state court and then to return to federal court for review of his perfected petition. *Id*. at 277. In determining whether to exercise discretion to grant a stay, the district court should consider whether the petitioner had good cause for his failure to exhaust, whether his unexhausted claims are potentially meritorious, and whether there is any indication that the petitioner engaged in intentionally dilatory litigation tactics. *Id*. at 277-78.

## 2.      Discussion

Petitioner is in the midst of attempting to exhaust all of his claims related to his state conviction and sentence. Petitioner has stated cognizable federal claims in his Petition for Writ of Habeas Corpus. Petitioner has been steadily pursuing relief in the state court system, and there is no indication that Petitioner intentionally delayed bringing

ORDER - 2

the claims he is now pursuing in state court. Therefore, the Court will exercise its discretion to stay this case pending completion of all of Petitioner's state court actions.

While this case is stayed, the Court will administratively terminate it for internal court administration purposes only. Administrative termination does not affect the filing date of the petition, nor does it affect the rights of the parties in any way. Within 30 days after Petitioner's last state court action is completed, Petitioner must file a motion to re-open this case and either a supplemental petition containing only his newly-exhausted claims, or an amended petition containing all of his claims that is intended to replace the original petition in its entirety.

## ORDER

**IT IS ORDERED:**

1. Petitioner's Motion to Stay Proceeding (Dkt. 4) is GRANTED. This case is STAYED pending completion of Petitioner's post-conviction actions in state court through the level of the Idaho Supreme Court.

2. Petitioner's Application for in Forma Pauperis Status (Dkt. 1) is GRANTED.

3. Petitioner's Motion for Appointment of Counsel (Dkt. 5) is DENIED without prejudice to re-filing it, together with documentation as to his medical and mental health grounds for his request (filed under seal), when his case is re-opened.

4. This case is administratively terminated for internal court administration purposes only. Administrative termination does not affect the filing date of the

**ORDER - 3**

petition, nor does it affect the rights of the parties in any way. Within 30 days after Petitioner's last state court action is completed, Petitioner must file a motion to re-open this case and a supplemental or amended petition if he desires to proceed. The parties shall not file anything further in this case while they are awaiting completion of the currently-pending state court actions.

DATED: May 24, 2016

B. Lynn Winmill
Chief Judge
United States District Court

**ORDER - 4**